IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEAN JOSEPH CORTEZ and wife, § | | |
| KRISTIN CORTEZ § | | |
|     Plaintiffs, § | | |
| § | | |
| VS. § | Case No. 4:12CV376-RAS-DDB | |
| § | | |
| EMC MORTGAGE LLC, F/K/A § | | |
| EMC MORTGAGE CORPORATION, § | | |
| VANTIUM CAPITAL, INC. DBA § | | |
| ACQURA LAOND SERVICES LLC, § | | |
|     Defendants. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant EMC Mortgage LLC's Motion to Dismiss (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about May 2, 2006, Plaintiffs executed two (2) deeds of trust and promissory notes in the collective amount of $660,000.00 to acquire the property located at 248 Lakeland Drive, Highland Village, Texas 75077 ("the Property"). *See* Dkt. 3 at ¶ 6. Plaintiffs allege that they requested and were denied approval from the original lender, WMC Mortgage Corporation, for a loan modification in November 2008. *Id*. at ¶ 8. According to Plaintiffs, Denton County property records show the original lender on both deeds of trust and promissory notes assigned its interest, through Mortgage Electronic Registration Systems (MERS), to Defendant EMC, in an instrument

dated December 17, 2009. *Id*. In 2010, Plaintiffs requested that Defendant EMC engage in a "short sale" of the Property to avoid foreclosure. Plaintiffs allege that Defendant EMC denied the request providing no basis for its determination. Additionally, on or about July 27, 2010, Defendant EMC notified Plaintiffs that the servicing of their loan would be transferred to Defendant Vantium (ACQURA). *Id*. at ¶ 6. Plaintiffs claim they requested a full accounting of their loan to determine how their payments would be credited and how various fees and penalties would be assessed, but they never received that information. *Id*. at ¶ 9.

On April 19, 2012, Plaintiffs filed this suit in the 367th Judicial District Court of Denton County against Defendants EMC Mortgage LLC and Vantium Capital, Inc.[1] On June 20, 2012, Defendant Vantium Capital, Inc. removed the case to this Court. *See* Dkt. 1. The original state court petition, Plaintiffs' current live pleading, asserts the following claims: (1) negligence; (2) statutory violations; (3) violations of the Civil Practice and Remedies Code; (4) violations of the Texas Finance Code; (5) wrongful foreclosure; and (6) invalidity of Defendant's claim/cause of action for quiet title. *See* Dkt. 3 at ¶12-22. Plaintiffs also seek a declaratory judgment and accounting of all transactions on their mortgage loan. *Id.*

Defendant EMC filed a motion to dismiss, seeking to dismiss all of Plaintiffs' claims against it based on Plaintiffs' failure to state a claim upon which relief may be granted. Plaintiffs have filed

---

[1] In December 2010, Plaintiffs filed suit to stop the Property's foreclosure sale in the 393rd Judicial District of Denton County, which was later removed to the Eastern District of Texas. *See* Dkt. 3 at ¶ 12. However, Plaintiffs' counsel at the time was not admitted to practice in the Eastern District, and the lawsuit was subsequently dismissed without prejudice on the unchallenged motion to dismiss by the Defendants named in that suit. *Id*.

no response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Defendant's motion was filed on August 15, 2012. On September 18, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss and that if no response were filed on or before September 25, 2012, the Court would assume that Plaintiffs were not opposed to the relief requested and proceed accordingly (*see* Dkt. 7). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). To date, Plaintiffs have not filed a response to the motion or otherwise amended their complaint to address the deficiencies raised by the motion.

In its motion, Defendant EMC first argues that Plaintiffs' negligence claim should be dismissed because Plaintiffs fail to allege any element of a claim for negligence against EMC. Defendant further argues that borrowers cannot sue to enforce provisions of HAMP, and thus it does not impose a legal duty on EMC that is enforceable by Plaintiffs.

As to Plaintiffs' claims of "statutory violations," Defendant EMC argues that Plaintiffs do not specify which statutes EMC allegedly violated. Defendant EMC challenges Plaintiffs' claim for alleged violations of the Texas Civil Practice and Remedies Code and Texas Finance Code because Plaintiffs failed to mention EMC in their claims for the alleged violations.

Next, Defendant contends Plaintiffs' claim for wrongful foreclosure must be dismissed because Plaintiffs have failed to allege facts of irregularity in support of the claim. Additionally, Defendant argues that Plaintiffs' claim of invalidity of Defendant's claim or cause of action for quiet title should be dismissed because while Plaintiffs claim they have superior title interest in the Property, Plaintiffs do not allege facts to prove this claim.

Finally, Defendant challenges that Plaintiffs are not entitled to declaratory relief because Plaintiffs do not allege a current, continuing dispute and are not entitled to an accounting because their claims do not establish a basis for the request.

The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority. Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court finds that Defendant EMC Mortgage LLC's Motion to Dismiss (Dkt. 5) should be GRANTED and Plaintiff's claims against Defendant EMC Mortgage LLC should be dismissed with prejudice.

As to the claims against Defendant Vantium, to the extent Plaintiff has stated any claim against it, the Court finds that they should be dismissed for want of prosecution. On August 28, 2012, the Court ordered the parties to confer as is required by Federal Rule of Civil Procedure 26(f) no later than October 12, 2012 and to submit a Report of Rule 26(f) Planning Meeting no later than October 26, 2012 (*see* Dkt. 6). No Rule 26(f) report was timely submitted, and Defendants filed a motion indicating that Plaintiffs' counsel had not attempted to confer regarding the order (*see* Dkt. 8). Moreover, this case has been on file for more than 120 days, and Plaintiffs have taken no action in the suit since its removal.

Because Plaintiffs have wholly failed to take any action as to their claims herein, the Court recommends that the remaining claims against Defendant Vantium Capital, Inc. be dismissed without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.").

## RECOMMENDATION

Therefore, the Court recommends that Defendant EMC Mortgage LLC's Motion to Dismiss (Dkt. 5) be GRANTED, that Plaintiffs' claims against Defendant EMC Mortgage LLC be dismissed with prejudice, that Plaintiffs' claims against Defendant Vantium Capital, Inc. be dismissed without prejudice for want of prosecution, and that this matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE